**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION**

IN THE MATTER OF:
JOSEPH E. BARFIELD, II                                         CHAPTER 7
                                                               CASE NO.   13-51234
DEBTOR


JOSEPH E. BARFIELD, II                                                     PLAINTIFF

vs                                                             Adversary No. _____

ADVANCED RECOVERY SYSTEMS
                                                                           DEFENDANT


**Complaint Seeking Damages in Core Adversary Proceeding**

1.      This is an action for actual damages, sanctions, legal fees, punitive damages and expenses filed by the plaintiff for the defendants' improper actions and conduct which are in violation of the Automatic Stay   (11 U.S.C. § 362) And Discharge Injunction (11 U.S.C. § 524).

<u>Jurisdiction and Venue</u>

2.      Jurisdiction is conferred on this Court pursuant to Section 1334 of Title 28 of the United States Code in that this proceeding arises in and is related to the above-captioned Chapter 7 case under Title 11 and concerns rights and property of the debtor.   Jurisdiction is also conferred on this Court pursuant to and Section 1331 of Title 28 of the United States Code.

3.      Venue lies in this District pursuant to Sections 1391(b) and 1409 of Title 28 of the United States Code.

<u>Parties</u>

4.      The Plaintiffs are adult resident citizen of Greene County, Mississippi and   a

1

debtor under the provisions of Chapter 7 of Title 11 of the United States Code in the above referenced case. Plaintiffs will be referred to as plaintiff or debtor.

5. The Defendant, Advanced Recovery Systems ("ARS"), is a debt collector with a mailing address 972 High Street, Jackson, MS 39202. The Defendant is a sophisticated debt collector in the business of collecting consumer debts.

6. ARS is well versed in bankruptcy rules and procedures and files a multitude of proofs of claim in bankruptcy courts throughout the State of Mississippi. They assume debts for collection and attempt to collect on those debts regardless of the fact that said debts have been discharged in bankruptcy. In this case, ARS is attempting to collect a debt on behalf of Hattiesburg Clinic.

Factual Allegations

7. On June 24, 2013, JOSEPH E. BARFIELD, II filed for Chapter 7 Bankruptcy.

8. HATTIESBURG CLINIC was listed as a creditor on the debtor's bankruptcy schedules.

9. On or about June 29, 2013, the Bankruptcy Court Clerk and the Bankruptcy Noticing Center caused written notice of the filing of the automatic stay, and of the 341 meeting of creditors to be mailed to all parties on the master mailing matrix by first class mail and that such notice was in fact received by Hattiesburg Clinic. (3633395)

10. The debtor alleges upon information and belief that the notice mailed to the Creditors included the following warning to all creditors:

"**CREDITORS MAY NOT TAKE CERTAIN ACTIONS:** In most instances, the filing of the bankruptcy case automatically stays certain collection and other actions against the debtor

2

and the debtor's property. . . If you attempt to collect a debt or take other action in violation of the Bankruptcy Code, you may be penalized. . ."

11. The debtor avers that this document and warning was served on the debt collector's client and the knowledge of the same was imputed to the debt collector.

12. On October 30, 2013, the Discharge of Debtor was issued by this Court.

13. During the bankruptcy case, ARS contacted the debtor to request payment on the Hattiesburg Clinic bill and was informed that the debtor had filed bankruptcy on this bill. Thereafter, on October 28, 2013 wrote a letter received by the debtor in early November, requesting payment for the Hattiesburg Clinic.

14. This is a debt which was discharged by the debtor in his bankruptcy.

15. The actions of the Defendant in continuing collection activity against the debtor constitutes a gross violation of the automatic stay as set forth in 11 U.S.C. Section 362(a).

16. The actions of the Defendant are willful, intentional, gross and flagrant violations of the discharge provisions of 11 U.S.C. Section 524.

17. ARS has ignored the rules implemented to protect debtors when debts have been discharged in bankruptcy.

18. ARS has failed to implement any effective policy to assure that its personnel are trained to comply with the automatic stay and the discharge injunction.

19. ARS has failed to implement any effective policy to assure that its personnel are trained to recognize bankruptcy filing notices and remove debtors who have filed bankruptcy from their collection process.

20. ARS has failed to implement any effective policy to assure that its personnel conduct bankruptcy filing searches and reviews using such tools and aids as PACER, AACER,

Banko, Merlin, KnowX, and other nationwide bankruptcy databases prior to continuing collection activities against debtors.

21.     The Plaintiff alleges that as a result of these allegations they have been damaged by the intentional and negligent actions of ARS and are entitled to the recovery of actual damages, including emotional distress, punitive damages, legal fees and expenses.

## First Claim for Relief
### (Violation of the Automatic Stay)

22.     The allegations in paragraphs 1 through 21 of this complaint are realleged and incorporated herein by this reference.

23.     The actions of ARS in continuing their collection activity constitutes a gross violation of the automatic stay as set forth in 11 U.S.C. Section 362(a).

24.     As a result of the above violations of 11 U.S.C. Section 362, the Defendant is liable to the Plaintiffs for actual damages, punitive damages and legal fees.

## Second Claim for Relief
### (Willful and Obstinate Violation of the Discharge Injunction)

25.     The allegations in paragraphs 1 through 24 of this complaint are realleged and incorporated herein by this reference.

26.     The willful and intentional actions of ARS in attempting to collect payments on a discharged debt in violation of the discharge injunction constitutes contempt of the orders issued by this court.

27.     The purposeful conduct of ARS in this case have substantially frustrated the discharge the debtor is entitled to and has caused the debtor unwarranted and unnecessary time, effort and expense in seeking to enforce rights guaranteed by the Bankruptcy Code.

28.     In order to protect this debtor and other debtors who have secured protection of

the automatic stay and a discharge in Chapter 7 cases, this Court must impose sanctions against ARS for their intentional wrongdoing in this case.

29. As a result of the deliberate violation of 11 U.S.C. Section 524 by ARS, they are liable to the Plaintiff for actual damages, punitive damages, legal fees and expenses under Section 105 of Title 11 of the United States Code.

30. In order to carry out the provision of the Code and to maintain its integrity this Court must impose actual damages, punitive damages and legal fees against ARS pursuant to the provisions of Section 105 of the Bankruptcy Code.

### Third Claim for Relief
(Willful and Obstinate Violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692, et seq.)

31. The allegations in paragraphs 1 through 30 of this complaint are realleged and incorporated herein by this reference

32. ARS was notified of that the debtor was represented by counsel.

33. ARS, a debt collector, as defined by the FDCPA, is prohibited from contacting a debtor which it knows is represented by counsel.

34. ARS is liable unto the debtor for violations of the FDCPA justifying an award of damages plus attorney fees.

WHEREFORE, the Plaintiff having set forth claims for relief against the Defendant respectfully prays of the Court as follows:

A. That the Plaintiff have and recover against the Defendant a sum for actual damages $5,000.00;

B. That the Plaintiff have and recover against the Defendant a sum in the amount of $10,000.00 in the form of punitive damages;

C. That the Plaintiff have and recover against the Defendant all reasonable legal fees

    and expenses incurred by his attorney in this adversary proceeding in the amount of $2,500.00;

  D.  That the Court award sanctions against the Defendant; and

  E.  That the Plaintiff have such other and further relief as the Court may deem just and proper.

Dated this December 6, 2013.

*/s/ Jeffrey G. Pierce*
Jeffrey G. Pierce, MSB #99645
Jeffrey G. Pierce, PLLC
P.O. Box 1266
Lucedale, MS 39452
Telephone 601 766-9105 Fax 601 766-9108
E-mail Jeffrey.piercelaw@gmail.com